### 5828.　GOLDIN *et al. v.* ADLER BROTHERS.

WADE, J. 1. Where in the municipal court of Atlanta, under the provisions of section 42 (*a*) of the act of 1913 (Acts 1913, pp. 167-168), upon the rendition of a verdict by a jury or upon the announcement of judgment by the court in a case tried without a jury, a party to the case or his counsel makes an oral motion for a new trial, this court will not attempt to control the discretion of the trial judge to whom the motion is made, as to the extent of the hearing or of the argument permitted to either side.

2. One tenant may replace another by virtue of an express contract of substitution; or such a contract may be created, as may any other similar contract, by a mutual course of conduct that indicates an agreement to

effect such a substitution,. as well as by spoken or written words.
*Cuesta* v. *Goldsmith,* 1 *Ga. App.* 48-55 (57 S. E. 983).

(a) There was evidence for the defendants in error from which the jury
were authorized to infer (since they evidently accepted as true the evi-
dence to this effect rather than that to the contrary) that between the
original parties to the lease contract there was an express agreement
that another person should be substituted as a tenant; and there were
circumstances supporting this inference,—as, for instance, the known
tenant alleged to have been substituted, the payment by him of the rent
as it matured, the making of repairs to the rented building by the land-
lord in accordance with the views of the later occupant and to meet his
requirements, the failure to call upon the original tenants for the pay-
ment of rent for many months after the apparent substitution, and the
fact that they were so called upon by the landlord only after the tenant
substituted in their stead had entered into bankruptcy.

3. There was no written request to charge the jury touching the law as to
partnership, or the obligations created thereby, and the release of any
partner from such obligations; and it does not appear that any specific
instructions upon this line were demanded by the pleadings and the evi-
dence in the case.

4. There was no error requiring the grant of a new trial.

*Judgment affirmed.*

DECIDED MAY 17, 1915.

Distraint; from municipal court of Atlanta. June 8, 1914.

As to the matter ruled upon in paragraph 1 of the foregoing
decision, the facts set out in the appeal to the appellate division of
the municipal court are as follows: On the announcement of the
verdict and judgment, the appellants made a motion for a new trial
instanter, at about 11 o'clock a. m., and the court directed them to
return at 12:30 o'clock p. m., "for this motion." At the appointed
time they appeared and asked to be heard on the motion for a new
trial; and the judge then stated to them that he did not care to go
into the hearing of the motion, but that he would overrule it and
let them file their appeal to the appellate division of the court.
They assign as error the refusal of the court to "go into the hear-
ing of the motion for a new trial."

*Samuel A. Boorstin, Jesse M. Wood,* for plaintiff.
*Hewlett, Dennis & Whitman,* for defendants.